IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Albert Bellamy, | ) | |
| | ) | Civil Action No.: 4:18-cv-01636-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| Finn McCool's Bar, Captain Smoke, | ) | |
| Manager Robbie, Crystal, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on August 3, 2018 (ECF No. 16). The Report recommends dismissing Plaintiff Albert Bellamy's ("Plaintiff") Amended Complaint (ECF No. 11) with prejudice.[1] (*Id.* at 9.) For the reasons stated herein, the court **ACCEPTS** the Report and **DISMISSES** Plaintiff's Amended Complaint with prejudice.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (ECF No. 16 at 1-3.) As brief background, Plaintiff, proceeding pro se and in forma pauperis, initiated this action[2] on June 14, 2018, against Defendants Finn

---

[1] The Magistrate Judge advised Plaintiff that if his Amended Complaint failed to cure the deficiencies the Magistrate Judge identified in Plaintiff's original Complaint, the Magistrate Judge would recommend dismissal without leave for further amendment. (ECF No. 6 at 7.)

[2]
> The [Magistrate Judge] conducted the required initial review of [Plaintiff's Complaint (ECF No. 1)], pointed out certain deficiencies in the pleading, and provided him with the opportunity to file an amended complaint to cure the deficiencies. [(]ECF No. 6.[)] Within the time permitted . . . Plaintiff filed an Amended Complaint [(ECF No. 11)] containing virtually identical factual allegations as were in the original Complaint, but indicating that his claims were

1

McCool's Bar ("McCool's"), Captain Smoke, owner of McCool's, Manager Robbie, and Crystal, a server/bartender at McCool's (collectively "Defendants"). (ECF No. 1.) Plaintiff alleges he was subjected to disparaging comments and laughter about his "real black" skin color by Defendant Crystal and Manager Robbie at McCool's in violation of 42 U.S.C. §§ 1981 and 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (ECF Nos. 1 at 2-4; 11 at 3-5.) The Report recommends dismissing Plaintiff's § 1983 and *Bivens* claims because Plaintiff fails to allege any state action.[3] (ECF No. 16 at 5.) The Report also recommends dismissing Plaintiff's § 1981 claim,[4] finding "there are no allegations from which it would be reasonable to infer that Defendant Crystal or any employee of Defendant Finn McCool's Bar purposefully discriminated against Plaintiff."[5] (*Id.* at 8.) The Report noted that Plaintiff made no

---

       filed pursuant to 42 U.S.C. § 1983 and the *Bivens*[*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)] doctrine. [(]ECF No. 11 at 3.[)]
(ECF No. 16 at 1-2.)

[3] *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982))); *Holly v. Scott*, 434 F.3d 287, 293 (4th Cir. 2006) ("In determining the presence of state action, we are not to conduct a far-flung investigation into all of a defendant's possible activities, but rather must focus on 'the specific conduct of which the plaintiff complains.'" (quoting *Am. Mfrs. Mut. Ins. Co.*, 526 U.S. at 51); *Searcy v. Skinner*, No. 6:06-1418-GRA-WMC, 2006 WL 1677177, at *6 (D.S.C. June 16, 2006) ("Purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983 or under the *Bivens* doctrine." (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982); *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721 (1961))).

[4] Plaintiff's original Complaint alleged violation of § 1981. (ECF No. 1 at 2.) Plaintiff's Amended Complaint (ECF No. 11) did not reference § 1981, but, "out of an abundance of caution and under the liberal construction pro se pleading rule," the Magistrate Judge addressed "his allegations as if they were made in [an] attempt to state a claim under that statute." (ECF No. 16 at 5-6.)

[5] *See Johnson v. Toys "R" US-Del., Inc.*, 95 F. App'x 1, 6 (4th Cir. 2004) ("When the plaintiff seeks to prove her [§ 1981] case by direct evidence, she must establish her prima facie case by showing through admissible evidence that: (1) she is a member of a racial minority; (2) the defendant intended to discriminate against her on the basis of race; and (3) the discrimination concerned a privilege protected under § 1981.") (footnote omitted)). When a plaintiff seeks to prove his § 1981 case by circumstantial evidence, he must establish that

2

allegations "of use of a racial slur against Plaintiff coupled with refusal of service or provision of less service than provided to white patrons."[6] (*Id.*) On August 20, 2018, Plaintiff timely filed an Objection to the Report. (ECF No. 18.)

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making de novo determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is required to interpret pro se documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *see also Hardin v. United States*, C/A No. 7:12–cv–0118–GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012). Additionally, pro se documents must be construed in a

---

(1) he is a member of a protected class; (2) he sought to enter into a contractual relationship with the defendant; (3) he met the defendant's ordinary requirements to pay for and to receive goods or services ordinarily provided by the defendant to other similarly situated customers; and (4) he was denied the opportunity to contract for goods or services that was otherwise afforded to white customers.

*Williams v. Staples, Inc.*, 372 F.3d 662, 667 (4th Cir. 2004).
[6] The Report further concluded "the alleged statement of the server about [Plaintiff's] color not coupled with any denial of service is not the type of statement that could be considered prima facie evidence of discriminatory intent." (ECF No. 16 at 8.)

3

manner, "no matter how inartfully pleaded, to see whether they could provide a basis for relief." *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. Aug. 12, 1997).

### III. DISCUSSION

Interpreting Plaintiff's Objection liberally, the only specific objection Plaintiff makes is to the Report's finding that, "There are no allegations of use of a racial slur against Plaintiff coupled with *refusal of service* or provision of less service than provided to white patrons." (ECF No. 16 at 8.) In his Objection, Plaintiff alleges, "I, Albert Bellamy[,] did Ask For A[n] Orange Juice. But Never Received It. When [I] Asked[,] That's when I Was Calle[d] [humiliating] Names. . . I was Refuse[d] Services For Orange Juice." (ECF No. 18 at 1.) However, "Plaintiff . . . cannot use his objections to plead new claims or cure the factual defects of his existing claims." *Backus v. Cox*, No. 4:13-CV-00881-RBH, 2013 WL 5707328, at *2 (D.S.C. Oct. 18, 2013). *See also Goodman v. Wexford Health Sources, Inc.*, 425 F. App'x 202, 204–05 (4th Cir. 2011) ("Goodman cites no supporting authority, nor have we found any, for the proposition that, when reviewing a complaint for failure to state a claim under 28 U.S.C. § 1915A, factual assertions contained in the plaintiff's objections to the magistrate [judge's] recommendation must be viewed in the same light as factual assertions contained in the initial complaint."); *James v. McRee*, No. CV 1:16-3692-TMC, 2017 WL 1395801, at *2 (D.S.C. Apr. 18, 2017) ("Plaintiff cannot use his objections to plead new facts not alleged in his complaint, especially when those new facts are contradictory to those alleged in the complaint.").

In his Original Complaint, Plaintiff stated he

> was just about to order a large orange juice, but before [] Plaintiff could place his order[,] Defendant Crystal[,' the Server/Bartender looked at [] Plaintiff and in a booming voice said . . . "oooh wee you are BLACK I mean REAL BlACK." . . . Plaintiff then went to the bathroom and came out two to three minutes later and asked his brother if he was ready to go. . . . Plaintiff asked his brother this question while he was exiting the building.

4

(ECF No. 1 at 2-3.) In his Amended Complaint, Plaintiff does not mention intending to ask for an orange juice, nor does he allege he was denied service because of his race. (ECF No. 11 at 5.) And in Plaintiff's Objection, he does not allege he was denied service because of his race; he states that when he asked for the orange juice, Defendant Crystal made the disparaging, racial comments. (ECF No. 18 at 1.) Even if this allegation could amount to a denial of service on the basis of race, Plaintiff cannot use an Objection "to plead new claims or cure the factual defects of his existing claims." *Backus v. Cox*, No. 4:13-CV-00881-RBH, 2013 WL 5707328, at *2 (D.S.C. Oct. 18, 2013). *See also United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992), *as amended* (Aug. 12, 1992) ("We believe that as part of its obligation to determine *de novo* any issue to which proper objection is made, a district court is required to consider all *arguments* directed to that issue, regardless of whether they were raised before the magistrate." (emphasis added)). Accordingly, although Plaintiff's feelings of humiliation as a result of the alleged incident at McCool's are regrettable, because Plaintiff does not allege he was "denied the opportunity to contract for goods or services that was otherwise afforded to white customers," his Amended Complaint fails to state a claim under § 1981. *See Williams v. Staples, Inc.*, 372 F.3d 662, 667 (4th Cir. 2004) ("To establish a prima facie case of discrimination in a § 1981 cause of action relating to the purchase of goods or services, [a plaintiff] must establish that: (1) he is a member of a protected class; (2) he sought to enter into a contractual relationship with the defendant; (3) he met the defendant's ordinary requirements to pay for and to receive goods or services ordinarily provided by the defendant to other similarly situated customers; and (4) he was denied the opportunity to contract for goods or services that was otherwise afforded to white customers.").

## IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 16) and **DISMISSES** Plaintiff's Amended Complaint with prejudice (ECF No. 11).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

October 3, 2018
Columbia, South Carolina